IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH BLAIR,<br><br>               Plaintiff,<br><br>   v.<br><br>SALT LAKE COUNTY,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:09-CV-349 DN<br><br>District Judge David Nuffer |

This case arises out of an officer-involved shooting during a traffic stop in Salt Lake County, Utah. Plaintiff Joseph Blair has brought a claim under 42 U.S.C. § 1983 against Defendant Salt Lake County, alleging deputies from the Salt Lake County Sheriff's Office used unnecessary force in violation of Blair's Fourth Amendment rights when they opened fire on the car he was driving during his attempt to leave the scene of a traffic stop on January 16, 2007. Blair was shot one time in his left elbow. Mr. Blair has not alleged any claims in this case against the individual deputies involved in the shooting. Rather, Blair seeks to hold Salt Lake County liable for having "encouraged, developed, pursued or permitted policies, practices and customs, either formal or informal, which caused and permitted deputy sheriffs to use unreasonable and unnecessary force in the apprehension of persons."[1] Blair further alleges that Salt Lake County "failed to adequately train, educate, or supervise . . . its deputy sheriffs."[2]

Salt Lake County has moved for summary judgment, arguing there is no evidence that any of its policies or its training or supervision led to the use of excessive force against Blair. As Salt Lake County appears to have done in its memoranda, the court will assume for purposes of

---

[1] Complaint at ¶14, docket no. 1-3, dated Feb. 19, 2009.

[2] *Id.* at ¶ 15.

this motion that the deputies in question did in fact use excessive force in violation of Blair's Fourth Amendment rights.

Mr. Blair opposes the summary judgment motion based solely on his assertion that Salt Lake County had an unwritten policy and persistent custom of not disciplining or providing additional training to officers who violate its Use of Deadly Force Policy.  However, the only evidence Blair offers in support of his theory is the County's failure to discipline the officers involved in the shooting in this case for their violation of the County's policy and Blair's rights. This is not sufficient to demonstrate a persistent, widespread pattern of disregarding violations of County policy necessary to support Blair's § 1983 claim against the County.  Apparently recognizing this, Blair seeks leave to conduct additional discovery pursuant to Fed. R. Civ. P. 56(d) concerning 48 officer-involved shootings during former Salt Lake County District Attorney Lohra Miller's term of office in an attempt to find something to support his claim.  This request comes far too late and is unlikely to yield any evidence that supports Blair's claim. Accordingly, Blair's Rule 56(d) Motion to Take Discovery is DENIED and Salt Lake County's Motion for Summary Judgment is GRANTED.

STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  In applying this standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[4]  However, "the nonmoving party must present more than a scintilla of evidence in favor of his position."[5]  A

---

[3] Fed. R. Civ. P. 56(a).

[4] *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1204 (10th Cir. 2011) (internal quotations omitted).

[5] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

DISCUSSION

A local governmental body such as Salt Lake County "may not be held liable under § 1983 solely because it employs a tortfeasor."[7]  The theory of respondeat superior does not apply to counties under § 1983.[8]  Rather, a § 1983 plaintiff must prove that his injury was caused by the "deliberate actions" of the county itself.[9]  The plaintiff may do this by showing that an official policy or informal custom was the "moving force" behind the deprivation of his federal rights.[10]  In other words, the plaintiff must demonstrate "a direct causal link" between the policy or custom and the alleged deprivation of federal rights.[11]  Where relying on an informal custom, rather than an official policy, the plaintiff must show that "the relevant practice is so widespread as to have the force of law.[12]

Blair has not presented a sufficient evidentiary basis to hold Salt Lake County liable for the alleged deprivation of his constitutional rights.  Blair does not point to any official policy adopted by the County as the cause of his injury.  Rather, he contends that the County had a custom of not enforcing its policies, which he claims led to the deprivation of his constitutional rights.  Customarily failing to enforce an otherwise valid policy may be a basis for liability under § 1983 if Blair can prove "a continuing, widespread, and persistent pattern of misconduct" and

---

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011).

[7] *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[8] *Id.*

[9] *Id.* at 400.

[10] *Id.* at 400, 404.

[11] *Id.* at 404.

[12] *Id.*

3

"deliberate indifference to or tacit authorization by policy-making officials after notice of the conduct."[13]  However, the only evidence provided by Blair to support the County's alleged custom of failing to enforce its Use of Force Policy is that the deputies who used excessive force against Blair were not disciplined even though the Salt Lake County District Attorney Criminal Investigations Unit concluded the deputies were unjustified in their use of deadly force against Blair.[14]  This single instance — which occurred *after* Plaintiff's constitutional rights were violated — does not establish that the County had a persistent, widespread custom of failing to enforce the Use of Deadly Force Policy in place *prior* to Blair's injury and that such custom was the moving force behind the deprivation of Blair's constitutional rights.  Blair's insufficient showing on these material elements, on which he bears the burden of proof, entitles Salt Lake County to judgment as a matter of law on Blair's § 1983 claim.[15]

Furthermore, Blair is not entitled to any further discovery.  This case was filed on February 12, 2009.[16]  The discovery deadlines were extended multiple times, with discovery finally closing on January 20, 2012.[17]  In his Rule 56(d) Motion to Take Discovery, filed on March 16, 2012, Blair seeks leave to conduct additional discovery concerning "the 48 police shootings (24 involving fatalities) during Lohra Miller's time as County Attorney."[18]  Blair's counsel states that he did not conduct this discovery because he assumed the County would accept responsibility for its deputies' actions based on the County's settlement offers, which Blair

---

[13] *Rost v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1125 (10th Cir. 2008).

[14] Memorandum in Opposition to Motion for Summary Judgment at 7-9, docket no. 42, filed on Mar. 16, 2012.

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[16] Complaint, docket no. 1, filed Apr. 21, 2009.

[17] Docket nos. 13, 20, 24, and 31.

[18] Affidavit of Christopher R. Hart, docket no. 43-1, filed on Mar. 16, 2012.

apparently rejected.[19]  The fact that settlement offers were made does not excuse Blair's failure to conduct discovery on an essential element of his claim during the nearly two-year discovery period in this case.  Blair has not demonstrated that the discovery sought was unavailable to him during the discovery period.[20]  Moreover, the requested discovery is unlikely to change the result on Salt Lake County's summary judgment motion.  The shooting involving Blair occurred only 15 days after Lohra Miller was sworn in as Salt Lake County District Attorney, and was the first officer-involved shooting during her term of office.[21]  It is highly unlikely that a persistent and widespread, yet informal, custom was established during the first 14 days of Ms. Miller's term of office.

CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Blair's Rule 56(d) Motion to Take Discovery (docket no. 43) is DENIED.

IT IS FURTHER ORDERED that Salt Lake County's Motion for Summary Judgment (docket no. 34) is GRANTED.

IT IS FURTHER ORDERED that the clerk of the court is directed to close this case.

Dated September 24, 2012.

BY THE COURT:

_____

David Nuffer
United States District Judge

---

[19] *Id.* at ¶ 6.

[20] *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (outlining requirements for obtaining additional discovery under Fed. R. Civ. P. 56(d)); 10B Charles Alan Wright et al., Federal Practice and Procedure § 2741 ("[Rule 56(d)] will not be applied to aid a party who has been lazy or dilatory.").

[21] Affidavit of Michael S. Leary, docket no. 45-1, filed on Mar. 26, 2012.